———o———

THE DETROIT RIVER SAVINGS BANK v. THE BOARD OF ASSESSORS OF THE CITY OF DETROIT.

[See *ante*, 509.]

*Taxes—Real-estate mortgages.*

This case is ruled by *Latham v. Board of Assessors, ante*, 509.

*Mandamus.* Argued May 3, 1892. Granted May 6, and opinion filed May 11, 1892.

Relator applied for *mandamus* to compel the assessment to it as real estate of the value of real-estate mortgages held by it, and the deduction of the same from the value of its capital stock, as determined for assessment purposes.

The facts are stated in the opinion, and in *Latham v. Board of Assessors, ante,* 509.

*Wells, Angell, Boynton & McMillan,* for relator.

*John J. Speed,* for respondents.

PER CURIAM. The relator is a corporation, organized and doing business under the laws of this State, in the city of Detroit. It has a capital stock of $100,000, which has been assessed by the board of assessors for taxation at the sum of $106,000. It is the owner of mortgages to the value of $63,800 on real estate situate in Wayne county, and also of mortgages to the value of $7,100 on real estate outside of said county, but within this State. The relator made a statement containing a list of said mortgages, the names of the mortgagors, the names of the mortgagees, the descriptions of the land, and present value of said mortgages, for the board of assessors, claiming it to be the duty of said board to assess to the relator the value of all of said mortgages, and to deduct the sum from the assessed valuation of the capital stock. This the board of assessors refused to do, and pursued the same mode of assessment as shown by the resolutions of said board, set out in *Latham v. Board of Assessors, ante,* 509.

The relator prays for a *mandamus* against the board of assessors, directing them to assess the value of the mortgages against the relator, so far as the property covered by said mortgages is subject to taxation by said board, and that the board be compelled to deduct the full value of the mortgages held by said bank from the assessed valuation of its capital stock.

The writ of *mandamus* must be granted, for the reasons stated in *Latham v. Board of Assessors.*

McGRATH, J., did not sit.